**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROSSTON NICHOLAS QUICK**                                                 **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 2:16cv167-KS-MTP**

**ALEX HODGE, et al.**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion [56] to Amend Complaint and Defendants' Motions [72][74] for Summary Judgment filed by Daniel Lynch, Alex Hodge, Robert Little, David Hare, Jackie Hayes, James Ingram, Jesse James, and Carol Johnston. Having considered the motions, the record, and the applicable law, the undersigned recommends that Defendants' Motions [72][74] for Summary Judgment be granted, that Plaintiff's Motion [56] to Amend Complaint be denied, and this action be dismissed without prejudice for failure to exhaust administrative remedies.

FACTUAL BACKGROUND

Plaintiff was incarcerated at the Jones County Adult Detention Center ("JCADC") as a pretrial detainee during the events alleged in his complaint. He is currently incarcerated as a post-conviction inmate at Central Mississippi Correctional Facility in Pearl, Mississippi. Plaintiff, proceeding *pro se* and *in forma pauperis,* filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on October 11, 2016. Plaintiff currently has four suits before this Court arising out of his stay in Jones County: *Quick v. Hodge*, 2:16cv166-KS-MTP ("*Hodge I*"); *Quick v. Hodge*, 2:16cv167- KS-MTP ("Hodge II"); *Quick v. Hodge*, 2:16cv177-KS-MTP ("Hodge III"); and *Quick v. Hodge*, 2:16cv178-KS-MTP ("*Hodge* IV").

Plaintiff filed *Hodge I,* 2:16cv166-KS-MTP on October 11, 2016, alleging that while he was incarcerated in the Jones County Detention Center from January 14, 2016, until August 8,

1

2016, there was no fire extinguisher, officers served food without gloves, someone had a tobacco spit cup, he was not allowed to wear his orthopedic shoes, and that he was deprived of certain property. Also on October 11, 2016, Plaintiff filed *Hodge II*, 2:16-CV-00167-KS-MTP (this suit), alleging that there were no "handicap" toilets, no assist rail, no non-slip product on the shower floor and, no bars for balance or wheelchair access. He also claims the county would not provide a wheelchair and denied him hip surgery. He states in his Complaint that this caused extra strain on his hip, knee, and back.

Thereafter, on October 17, 2016, Plaintiff filed *Hodge III*, 2:16-CV-00177-KS-MTP, alleging that during his stay in this facility the lights were not turned off. Additionally, on October 17, 2016, Plaintiff filed *Hodge IV*, 2:16-CV-00178-KS-MTP, alleging that there was black mold in the facility while he was incarcerated.

Defendants have moved for summary judgment in all four of Plaintiff's cases seeking dismissal because he failed to exhaust administrative remedies before filing suit.[1]

## STANDARD

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.*

---

[1] After filing these actions, Plaintiff filed the same pleadings in every case, treating the cases as if they were consolidated. *See e.g.* Motion to Amend [56]. Plaintiff was not allowed to consolidate the cases, but continued to file the same pleadings in every case.

However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## **ANALYSIS**

Defendants assert that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Id.* at 85.

Courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *Id.,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th

3

Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

In support of their motions for summary judgment, Defendants submitted the affidavit of Pamela Graham, a copy of the jail's grievance policy, and Plaintiff's grievances he filed while incarcerated in Jones County. *See* [72-1]. In her affidavit, Pamela Graham states that she is in charge of the administrative remedies program at the jail. According to Pamela Graham, all inmates, including Plaintiff Quick, are made aware of the program and its procedures when they are processed into the jail. The jail has a written grievance system, and the jail provides specific forms so that the inmates may file formal grievances. *See* [72-1] at 12.

The formal grievance policy in Jones County provides as follows:

Formal grievances are filed in writing and an inmate may ask for assistance from officers or other inmates in writing out the grievance on the specified form. Grievance forms and writing materials will be made available to inmates upon request. A problem that results from a specific event or action must be presented on the approved form within seven [7] days of the occurrence. Formal grievances will be accepted in a grievance drop box. On a daily basis, officers conduct rounds throughout the facility giving inmates the opportunity to drop written grievances in the box. The grievance drop box will then be sent directly to the Jail Administrator who will review the filed grievances and forward the same to the grievance officer/board. The grievance must:

   a. Be in writing;
   b. Clearly define the situation in question and the facts upon which it is based:
   c. Specify the wrongful act or situation and describe the harm done;
   d. Arise out of an act or failure to act by the Jones County Jail;
   e. Address a matter within the control of the facility;
   f. Request a remedy that is within the power of the facility to grant;
   g. Be submitted within seven [7] days of the occurrence;
   h. Include a copy of any written supporting documents or pertinent

           discussion, decision, and justification; &
      i. Specify a requested remedy.

Jones County Sheriff's Department Jail and Detention Policies and Procedures [72-1] at 9-11.

    Once submitted, the decision regarding the grievance is presented to the inmate in writing, no later than fifteen [15] days after the grievance is received. *Id.* If an inmate wishes to appeal that decision, the appeal is made to the Jail Administrator on the grievance form. *Id.* The Jail Administrator has fifteen [15] days from the date the grievance is received to respond. Once the Jail Administrator, responds the decision is final and the grievance process is complete. *Id.*

    Defendants submitted the various grievances filed by Plaintiff on the requisite forms while at JCADC, but these grievances do not encompass the claims before this court. *See* Grievances [72-1] Bates Stamp CLT-QUICK-000001 (complained of wanting his legal papers); Bates Stamp CLT-QUICK-000002 (wanted access to the law library and wanted to know when the grand jury convened); Bates Stamp CLT-QUICK-000003 (requested a notary, wanted more law library time and complained of food allergies); Bates Stamp CLT-QUICK-000004 (complained that inmates should be allowed to be present during searches of their items); Bates Stamp CLT-QUICK-000005 (requested to go to the law library); Bates Stamp CLT-QUICK-000006 (requested again to go to the law library). Plaintiff did not appeal any of these grievances. *See* Affidavit [72-1] at 1.

    Plaintiff filed a response [79] arguing administrative remedies were unavailable because he did not have "through [sic] knowledge" of the procedures at the jail, the grievance policy was not widely available, verbal grievances were generally disregarded, and written complaints were generally ignored. *See* [79] at 3.

    Exceptions to the exhaustion requirement are only appropriate where the administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.

5

1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* The Supreme Court explained that "[u]nder § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, ––– U.S. –––, 136 S.Ct. 1850, 1858 (2016). The Court concluded that an inmate is "required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* (citations omitted).

The Fifth Circuit consistently has held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. 2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954 (5th Cir. 2009) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citation omitted). Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances." *Dillon*, supra (citations omitted). When an inmate has no means of verifying the administrative grievance process, then misleading information by prison officials may make remedies unavailable. *Id.* Here, Plaintiff claims that the jail grievance process was not common knowledge and that he did not have thorough knowledge of the procedure, but Plaintiff does not specifically rebut Pamela Graham's affidavit stating that all inmates, including Plaintiff Quick, are made aware of the program and its procedures when they are processed into the jail. He also has not claimed that he was misled about the grievance process. Moreover, as shown by the grievances submitted by Defendants, Plaintiff was able to file grievances on the correct forms as to other claims while at JCADC and receive responses from jail officials.[2]

---

[2] As previously explained, the grievances he filed are not related to the claims in this case.

6

Additionally, Plaintiff claims that verbal complaints were generally met with responses such as "not my job" and "I'll look into it." Plaintiff also claims that no action would be taken in response to written complaints. Plaintiff states that letters to the sheriff would go unanswered. Plaintiff's general, unsubstantiated allegations do not demonstrate that he properly exhausted his administrative remedies or that these remedies were futile or unavailable. Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified officials of a violation; rather, he must follow the process set forth by the facility. *Woodford*, 548 U.S. at 83-84; *Johnson,* 261 Fed. App'x 752, 755. The record demonstrates that Plaintiff did not properly file a grievance and appeal regarding the allegations made in this action. Additionally, Plaintiff has failed to demonstrate that officials prevented, thwarted, or hindered him from availing himself of the administrative remedies. As previously explained, Plaintiff bears the burden of demonstrating the futility or unavailability of administrative review. *See Fuller*, 11 F.3d at 62. Plaintiff has not made such a showing.

Plaintiff also argues specifically that for his claims regarding missing property, administrative remedies were not available to him because he did not discover his property was missing until the day he was transferred. However, the Court previously dismissed Plaintiff's missing property claims. *See* Order [20] at 6-7 in *Hodge* I, 2:16-cv-00166.

In his Motion [56] to Amend, Plaintiff seeks to clarify the claims already encompassed in his pending suits. However, as described above, Plaintiff did not exhaust administrative remedies prior to bringing these claims. Thus, the Motion [56] to Amend should be denied as futile.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendants' Motions [72][74] for Summary Judgment be granted as Plaintiff failed to exhaust his administrative remedies before filing suit;

7

2. Plaintiff's Motions [56] to Amend be denied, and

3. This action, *Hodge II,* 2:16-CV-00167-KS-MTP, be dismissed without prejudice.[3]

### RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 22nd day of January, 2018.

                                                          s/ Michael T. Parker
                                                          United States Magistrate Judge

---

[3] There are defendants that have not yet answered or been served with process in this matter. However, because the same exhaustion law applies to all defendants, the case should also be dismissed as to them. *See Jennings v. GEO Grp., Inc.*, No. 3:13CV938-LRA, 2014 WL 1794687, at *2 (S.D. Miss. May 6, 2014); *Williams v. Shaw*, No. 5:14CV52-DCB-JCG, 2015 WL 13236938, at *4 (S.D. Miss. Dec. 18, 2015), report and recommendation adopted, No. 5:14-CV-52-DCB-JCG, 2016 WL 1060840 (S.D. Miss. Mar. 17, 2016).

8